IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTTRA CARR,

        Plaintiff/Counterdefendant,

v.                        Case No. _____

JAY MEYER,

        Defendant/Counterplaintiff,

and

DYNAMIC TRANSIT COMPANY.

        Defendant.

-and-

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

        Third Party Plaintiffs,

v.

CELADON GROUP, INC. d/b/a
CELADON TRUCKING SERVICES,

        Third Party Defendant.

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TO:    UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW MEXICO

COMES NOW Third-Party Defendant Celadon Group, Inc. d/b/a Celadon Trucking Services ("Celadon"), by and through its attorneys of record, Butt Thornton & Baehr PC (Monica R. Garcia), and as grounds for removal to this Court, states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.   This Court has original jurisdiction over this Civil Action pursuant to 28 U.S.C. §1332(a)(1) because: (i) the case is between corporations that are citizens of Illinois (Defendant/Third Party Plaintiff Dynamic Transit Company) and Indiana (Third Party Defendant Celadon), an individual who is a citizen of Georgia (Plaintiff Scottra Carr), an individual who is a citizen of Missouri (Defendant/Counterplaintiff/Third Party Plaintiff Jay Meyer); and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.   This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this court is the proper district court to which this case should be removed.  28 U.S.C. §§1441(a) and 1446(a).

<u>**THE ACTION**</u>

3.   Plaintiff Scottra Carr ("Carr") commenced a civil action against Defendants Jay Meyer and Dynamic Transit Company ("Dynamic") in the Second Judicial District Court, County of Bernalillo, State of New Mexico, captioned *Scottra Carr v. Jay Meyer and Dynamic Transit Company*, Cause No. D-202-CV-2015-05559.

4.   Defendant Dynamic filed an Answer and Counterclaim Complaint against Celadon, and a subsequent Amended Answer and Third Party Claim against Celadon.  Defendant Jay Meyer ("Meyer") filed an Answer, Counterclaim against Carr, and a Third Party Complaint against Celadon.  A copy of all process, pleadings, and orders that have been filed in this case to

date with the County of Bernalillo are attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a), along with the Civil Cover Sheet, as Exhibit B.

5.      Third Party Defendant Celadon was served with the Third Party Claim and Third Party Complaint on November 4, 2015.  Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is within 30 days of the first day on which Third Party Defendant Celadon was served with  the Third Party Claim, Third Party Counterclaim, and related summons.  Moreover, the matter has been pending for less than one year.

6.      In the Complaint, Plaintiff alleges Negligence and Vicarious Liability.  In its Third Party Claim, Dynamic alleges Negligence and Respondeat Superior.  It his Counterclaim and Third Party Complaint, Meyer asserted claims of Negligence, Negligence Per Se, Respondeat Superior, and Negligent Hiring, Training, Supervision and Retention.

### DIVERSITY OF CITIZENSHIP

7.      For diversity purposes, a person is a "citizen" of the state in which he is domiciled." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  The Complaint alleges "Plaintiff, Scottra Carr, is a resident of Clayton County, Georgia. (Complaint, ¶1).  Accordingly, Plaintiff Carr is a citizen of the State of Georgia.  In his Answer to the Complaint, Plaintiff Meyer "admits that Mr. Meyers (sic) is a resident of Missouri").  Accordingly, Plaintiff Meyer is a citizen of the State of Missouri.

8.      For diversity purposes, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and

coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1183-84 (2010). "[I]n practice," a corporation's 'nerve center' should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.*

9.   Defendant Dynamic was, at the time of the filing of this action, and still is, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2530 Rock Road, Granite, IL, 62040.  Defendant Celadon was, at the time of the filing of this action, and still is, a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indiana.  All parties, therefore, are diverse from each other.

<u>**AMOUNT IN CONTROVERSY**</u>

10. Under 28 U.S.C. §1441(a), "the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  The Tenth Circuit has clarified this standard by stating that the removing Defendant "must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play…[i]t is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *McPhail*, 529 F.3d at 955 (emphasis in original).  The Tenth Circuit has noted, however, that a Plaintiff cannot avoid removal merely by not alleging the jurisdictional amount, as such a practice/policy would frustrate the purpose of diversity jurisdiction, "which is, after all, to protect the out- of-state Defendant." *McPhail*, 529 F.3d at 955.

11. To determine whether the amount in controversy requirement is met, a court may aggregate actual damages, punitive damages,1 attorney's fees,2 and statutorily imposed penalties, if any, but not interest or costs. *Trujillo v. Reynolds*, No. CIV 07-1077 JB/RLP, 2008 WL 2323521, *3 (Jan. 17, 2008).

12. A removing Defendant may satisfy its burden by proving jurisdictional facts that make it possible that more than $75,000 is at issue by "rely[ing] on an estimate of the potential damages from the allegations in the complaint." *Id.* In doing this, the Defendant may specify the numerical value of the damage or may not and just allege that the amount in controversy exceeds $75,000 by setting out the specific factual allegations supporting that conclusion. *Id.* at 956 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001) (stating that courts may consider the substance and nature of the injuries and damages described in the pleadings and finding significant value in Plaintiff's claims where complaint alleged "severe injuries" and "permanent impairment").

13. Here, although the Complaint, Third Party Claim, and Third Party Complaint do not set forth amount in controversy, it cannot be disputed the value of the claims asserted exceed $75,000. Plaintiff Carr's claimed damages include past and future medical expenses; past and future mental anguish; past and future pain and suffering; permanent impairment; and past and future lost wages. (*See* Complaint ¶ 8). Counterplaintiff/Third Party Plaintiff Meyer was transported from the scene of the crash and alleges he incurred serious injuries. (*See* Jay Meyer's Counterclaim and Third Party Complaint For Personal Injuries and Damages, included

---

1       Punitive damages may be considered if they are recoverable as a matter of the governing substantive law and Defendant meets its burden of showing what is possible to recover under the circumstances. *Trujillo*, 2008 WL 2323521 at *3.

2       Attorney's fees may be considered if the underlying statute mandates or allows for the court to award them. *Id.*

in the Answer of Defendant Jay Meyer to Plaintiff's Complaint for Personal Injuries, Pg. 6, ¶ 12. His claimed damages include allegations of serious injuries, resulting in damages that include: past and future medical expenses, lost wages, lost earning capacity, permanent impairment, hedonic damages, emotional distress, and pain and suffering. Id. at subsequent ¶¶ 13, 17, 21, and 27.  Under its claim, Third Party Plaintiff Dynamic seeks compensation for the property damage to its commercial vehicle.  *See* Amended Answer to Plaintiff's Complaint for Personal Injuries and Dynamic Transit Company's Third-Party Claim Against Celadon Trucking Services, Pg. 5, second ¶ 3.

14. Although Celadon denies all liability, based on all claimed damages asserted by Plaintiff Carr, Counterplaintiff/Third Party Plaintiff Myer, and Third Party Plaintiff Dynamic, it is more likely than not that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

## LOCAL CIVIL RULE AND FEDERAL STATUTORY COMPLIANCE

15. Pursuant to D.N.M. LR-CIV 81.1(a) of the Local Civil Rules of the United States District Court for the District of New Mexico, legible copies of records and proceedings from the state court action are being filed herewith.

16. Third Party Defendant Celadon, upon filing this Notice of Removal, is filing a copy of this Notice of Removal with the Clerk of the Bernalillo County District Court, in accordance with 28 U.S.C. §1446(d).  A copy of the Notice of Filing of Notice of Removal is attached as Exhibit C.

17. Pursuant to by 28 U.S.C. Section §1446(d), written notice of removal is being served on all counsel of record.

18. Celadon reserves, preserves and does not waive any and all defenses it may have to Plaintiff's Complaint, including without limitation, insufficiency of process, insufficiency of service of process, lack of jurisdiction over the person and failure to join necessary and indispensable parties.

WHEREFORE, Third Party Defendant Celadon Group, Inc. d/b/a Celadon Trucking Services prays the above-described action now pending against it in the Bernalillo County, State of New Mexico, Second Judicial District Court, be removed to this Court.

BUTT THORNTON & BAEHR PC

/s/ *Monica R. Garcia*
Monica R. Garcia
Attorneys for Third Party Defendant
*Celadon Group, Inc. d/b/a*
*Celadon Trucking Services*
P.O. Box 3170
Albuquerque, NM 87190
Telephone: (505) 884-0777
mrgarcia@btblaw.com

I HEREBY CERTIFY that on the 3rd day of December, 2015, I filed the foregoing electronically through the electronic filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Parker W. Patterson
parker@gilstraplaw.com

Charlotte L. Itoh
charlotte@thefinelawfirm.com

David M. Fine
david@thefinelawfirm.com

Lance D. Richards
richardl@civerolo.com

Justin L. Robbs
robbsj@civerolo.com


/s/ *Monica R. Garcia*
Monica R. Garcia

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/6/2015 11:29:49 AM
James A. Noel
Catherine Chavez

**SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO**

| | |
|---|---|
| **SCOTTRA CARR** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | Cause No. <u>D-202-CV-2015-05559</u> |
| § | |
| **JAY MEYER and** § | |
| **DYNAMIC TRANSIT COMPANY,** § | |
| **Defendants.** § | |

## COMPLAINT FOR PERSONAL INJURIES

Plaintiff SCOTTRA CARR, by and through her undersigned attorney, brings this Complaint and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, SCOTTRA CARR, is a resident of Clayton County, Georgia.

2.      Defendant, JAY MEYER, is a resident of Saint Charles County, Missouri, and service of process may be had upon Defendant at his residence: 433 Villa Blanc Ct., O'Fallon, Missouri, 63366, or wherever he may be found.

3.      Defendant DYNAMIC TRANSIT COMPANY ("DYNAMIC TRANSIT") is a Missouri Corporation with its principal place of business located at 2530 Rock Road Granite, IL 62040.  Service of process may be had upon Defendant DYNAMIC TRANSIT by serving its registered agent, Farhad Khani , at 11001 Dunklin, Box 38219 St. Louis, Missouri, 63138.

4.      Jurisdiction and venue are proper in Bernalillo County, New Mexico, because the cause of action originated in Bernalillo County, where all of the events made the basis of said cause of action occurred.



Page 1 of 4

## FACTUAL ALLEGATIONS TO THE COMPLAINT

5.      On or about July 5, 2014 at approximately 11:14 a.m., Plaintiff SCOTTRA CARR was traveling eastbound in a white 2012 International commercial motor vehicle towing a white van trailer in the far right lane of Interstate 40 at approximately mile marker 181 in Bernalillo County, New Mexico.  As Plaintiff was cresting a moderate grade, she signaled and pulled into the middle lane.

6.      At the same time, Defendant JAY MEYER, driving a white 2012 Peterbilt commercial motor vehicle belonging to Defendant DYNAMIC TRANSIT, was approaching from behind in the middle lane.  As he approached Plaintiff's vehicle, Defendant MEYER failed to keep a proper lookout for Plaintiff's vehicle and failed to control his speed, causing his vehicle to collide at significant speed with the rear of Plaintiff's vehicle.

7.      The collision resulted in substantial personal injuries to Plaintiff.  The damages and injuries suffered by Plaintiff were the direct and proximate result of Defendant's negligence as set out hereinafter.

## DAMAGES

8.      Plaintiff, SCOTTRA CARR, will sustain, or has sustained, each of the following elements of damages:

i.      Past and future medical expenses;

ii.     Past and future mental anguish;

iii.    Past and future pain and suffering;

iv.     Permanent impairment; and

v.      Past lost earnings and future lost earning capacity.

9.      Each of the above elements of damages are claimed by the Plaintiff to be the direct and proximate result of the Defendants' negligence and are in the amount in excess of the minimal jurisdictional limits of this Court.

## CAUSES OF ACTION

### COUNT I
### JAY MEYER - NEGLIGENCE

10.      Plaintiff realleges and hereby incorporates by reference the allegations contained in paragraphs numbered 1 through 9.

11.      The collision which occurred on July 5, 2014 was the result of Defendant, JAY MEYER's failure to operate his vehicle with due care in regard to Plaintiff and others, and due to Defendant's careless and negligent driving.

12.      The collision with Defendant was and is the proximate cause of bodily injuries to Plaintiff.

### COUNT II
### DYNAMIC TRANSIT – VICARIOUS LIABILITY

13. Plaintiff realleges and hereby incorporates by reference the allegations contained in paragraphs numbered 1 through 12.

14.      At all times relevant hereto, Defendant JAY MEYER was acting within the course and scope of his employment with Defendant DYNAMIC TRANSIT.

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer herein, and that on final jury trial of this cause, Plaintiff have judgment against Defendants, jointly and severally, for all actual damages, both special and general, in an amount within the jurisdictional limits of the Court, and that Plaintiff have pre- and post-judgment interest at the

maximum rate permissible under law, and that Plaintiff have such other and further relief to which she may show herself entitled.

Respectfully submitted,

**GILSTRAP & ASSOCIATES, P.C.**
5915 Silver Springs, Bldg. 2
El Paso, TX 19912
(915) 581 0020
(915) 591 7934 (fax)

By: _____
PARKER W. PATTERSON
NM Bar No. 14576
**Attorney for Plaintiff**

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/6/2015 11:29:49 AM
James A. Noel
Catherine Chavez

**SECOND JUDICIAL DISTRICT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

| | | |
|---|---|---|
| **SCOTTRA CARR** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Cause No. ___D-202-CV-2015-05559___ |
| | § | |
| **JAY MEYER and** | § | |
| **DYNAMIC TRANSIT COMPANY,** | § | |
| **Defendants.** | § | |

<u>**JURY DEMAND**</u>

SCOTTTA CARR, Plaintiff, by and through the undersigned counsel, demands a trial by

a twelve person jury and hereby represents that the sum of $300.00 for said jury fee was paid on

July 6, 2015 at the time of the filing of Plaintiff's Complaint for Personal Injuries.

Respectfully submitted,

**GILSTRAP & ASSOCIATES, P.C.**
5915 Silver Springs, Bldg. 2
El Paso, TX 19912
(915) 581 0020
(915) 591 7934 (fax)

By: _____
PARKER W. PATTERSON
NM Bar No. 14576
**Attorney for Plaintiff**

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/6/2015 11:29:49 AM
James A. Noel
Catherine Chavez

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR                          §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §        Cause No. ____D-202-CV-2015-05559____
                                      §
JAY MEYER and                         §
DYNAMIC TRANSIT COMPANY,              §
        Defendants.                   §

## CERTIFICATION REGARDING ARBITRATION
## PURSUANT TO LR2-603

COMES NOW, Plaintiff, by and through her undersigned attorney of record, and hereby certifies that the amount sought in this action exceeds $25,000.00, exclusive of punitive damages, interest, costs and attorneys' fees.

Respectfully submitted,

GILSTRAP & ASSOCIATES, P.C.
5915 Silver Springs, Bldg. 2
El Paso, TX 19912
(915) 581 0020
(915) 591 7934 (fax)

By:   _____
      PARKER W. PATTERSON
      NM Bar No. 14576
      **Attorney for Plaintiff**

Page 1 of 1

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/27/2015 11:51:12 AM
James A. Noel
Veronica Archuleta

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,                    §
                                 §
         Plaintiff,              §
                                 §
v.                               §          Cause No.  D-202-CV-2015-05559
                                 §
JAY MEYER and                    §
DYNAMIC TRANSIT COMPANY,         §
         Defendants.             §

## SUMMONS
## THE STATE OF NEW MEXICO

TO:        **DYNAMIC TRANSIT COMPANY**, Defendant,
           By and through its registered agent, Farhad Khani
ADDRESS:   11001 Dunklin, Box 38219
           St. Louis, MO 63138 or wherever found

You are required to serve upon Parker W. Patterson, Plaintiff's attorneys an answer or motion in response to the Complaint which is attached to this Summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file your answer or motion with the court as provided by Rule 1-005 NMRA.

If you fail to file a timely answer or motion, a default judgment may be entered against you for the relief demanded in the Complaint.

Attorney or Attorneys for Plaintiff:

Parker W. Patterson
Gilstrap & Associates, P.C.
5915 Silver Springs, Building 2
El Paso, Texas 79912
(915) 581-0020
(915) 581-7934 FAX

1

WITNESS the Honorable Denise Barela-Shepherd, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this _____ day of _____ 7/14/2015 , 2015.

(SEAL)

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Cathy Chavez, Deputy

2

RETURN

STATE OF ~~NEW MEXICO~~ _Texas_        )
                                      ) ss
COUNTY OF _El Paso_                    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _El Paso_ county on the _5th_ day of _July_, 20 _15_, by delivering a copy this summons, with a copy of the complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant_____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint).*

[X] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

   After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to_____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to_____, an agent authorized to receive service of process for defendant _____

[ ] to_____,[parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____*(used when defendant is a minor or an incompetent person).*

[ ] to_____ (name of person), _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

_Rebecca Gilstrap_                    Fees:_____-0-_____
Signature of Person Making Service

_____
Title (if any)

*Subscribed and sworn to before me this _27th_ day of _July_, 20 _15_.
_____
Judge, Notary or Other Officer Authorized to Administer Oaths

_____
Official Title

NOTARY PUBLIC
ADRIANA D. LIMON
My Commission Expires
October 01, 2016
STATE OF TEXAS

3

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dynamic Transit Company
c/o Farhad Khani
11001 Dunklin, Box 38219
St. Louis, MO 63138

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Michell Khani*     ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
*Michelle Khani*   1-24-15

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

*[postmark: NORTH COUNTY JUL 23 2015]*

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7013 0600 0000 9586 7295

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/21/2015 9:21:52 AM
James A. Noel
Dora Bozovic

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,

     Plaintiff,

vs.                                 Case No. D-202-CV-2015-05559

JAY MEYER and DYNAMIC TRANSIT COMPANY,

     Defendants.

### JURY DEMAND

COMES NOW Defendant Dynamic Transit Company, by and through its counsel of record, Civerolo, Gralow, Hill & Curtis, P.A. (Lance D. Richards and Justin L. Robbs) and hereby demands a jury consisting of twelve (12) members in the above-entitled and numbered cause.

                        CIVEROLO, GRALOW, HILL & CURTIS
                        A Professional Association


                        By: _____
                             Lance D. Richards
                             Justin L. Robbs
                             20 First Plaza, NW, Suite 500
                             Albuquerque, New Mexico 87102
                             505/842-8255
                             *Attorneys for Dynamic Transit Company*

## CERTIFICATE OF SERVICE

It is hereby certified that on August __21__, 2015, the Jury Demand for Defendant Dynamic Transit Company was electronically filed and electronically served on the parties listed below:

Parker W. Patterson, Esquire
Gilstrap & Associates
5915 Silver Springs, Building 2
El Paso, Texas 19912

Lance D. Richards
Justin L. Robbs

13696.004; Jury Demand [for Defendants].docx

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/21/2015 9:15:30 AM
James A. Noel
Christina Villa

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,

     Plaintiff,

vs.                             Case No. D-202-CV-2015-05559

JAY MEYER and DYNAMIC TRANSIT COMPANY,

     Defendants.

## ENTRY OF APPEARANCE

     COMES NOW the law firm of Civerolo, Gralow, Hill & Curtis, P.A. (Lance D. Richards and Justin L. Robbs) and hereby enters its appearance on behalf of Defendant Dynamic Transit Company in the above-entitled and numbered cause.

                              CIVEROLO, GRALOW, HILL & CURTIS
                              A Professional Association


                    By: _____
                        Lance D. Richards
                        Justin L. Robbs
                        20 First Plaza, NW, Suite 500
                        Albuquerque, New Mexico 87102
                        505/842-8255
                        *Attorneys for Dynamic Transit Company*

## CERTIFICATE OF SERVICE

It is hereby certified that on August __21__, 2015, the Entry of Appearance for Dynamic Transit Company was electronically filed and electronically served on the parties listed below:

Parker W. Patterson, Esquire
Gilstrap & Associates
5915 Silver Springs, Building 2
El Paso, Texas 19912

Lance D. Richards
Justin L. Robbs

13696.004; Entry of Appearance [for Dynamic Transit].docx

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/21/2015 1:42:31 PM
James A. Noel
Nadine Spencer

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,

       Plaintiff,

vs.                             Case No. D-202-CV-2015-05559

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

       Defendants.

### ANSWER TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES AND DYNAMIC TRANSIT COMPANY'S COUNTERCLAIM AGAINST CELADON TRUCKING SERVICES

COMES NOW Defendant Dynamic Transit Company ("Dynamic"), by and through its counsel of record, Civerolo, Gralow, Hill & Curtis, P.A. (Lance D. Richards and Justin L. Robbs), and hereby submits its Answer to Plaintiff's Complaint for Personal Injuries as follows.

1.      Defendant Dynamic admits the allegations in paragraph 1 of Plaintiff's Complaint.

2.      Defendant Dynamic denies the allegations in paragraph 2 of Plaintiff's Complaint concerning Defendant Jay Meyer's address, but admits that Mr. Meyers is a resident of Missouri.

3.      Defendant Dynamic admits the allegations in paragraphs 3 and 4 of Plaintiff's Complaint.

5.      This Defendant is without sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.     Defendant Dynamic denies the allegations in paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint.

7.     Paragraph 10 of Plaintiff's Complaint contains no allegations.   Defendant reasserts is answers and responses to paragraphs 1 through 9 of Plaintiff's Complaint.

8.     Defendant Dynamic denies the allegations in paragraphs 11 and 12 of Plaintiff's Complaint.

9.     Paragraph 13 of Plaintiff's Complaint contains no allegations. Defendant Dynamic reasserts its answers and responses to paragraphs 1 through 12 of Plaintiff's Complaint.

10.     Defendant Dynamic admits the allegations in paragraphs 14 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the acts and damages alleged in Plaintiff's Complaint, which are specifically denied, was the proximate result of acts or omissions to act of third parties not known or in the employ of Defendant, thereby barring recovery herein.

## THIRD AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states the damages to Plaintiff, which are specifically denied, were the proximate result of an independent, intervening cause or force thereby barring recovery herein.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that if it were negligent, which negligence is specifically denied, Plaintiff was also negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances, and that Plaintiff's negligence proximately caused or contributed to cause the matters complained of in the Plaintiff's Complaint, thereby reducing the amount of Plaintiff's damages, which are also specifically denied, by an amount proportionate to the Plaintiff's degree of fault.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the Plaintiff has failed to mitigate damages requested in Plaintiff's Complaint thereby barring recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that any injuries alleged by Plaintiff are the result of pre-existing conditions.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the cause of action for punitive damages contained in Plaintiff's Complaint fails to state a cause of action for punitive damages for which relief may be granted.

3

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that an award of punitive damages or an excessive award of punitive damages against Defendant would be unconstitutional pursuant to the United States Constitution and the Constitution of the State of New Mexico.

## NINTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that Plaintiff has suffered no damage, injury, prejudice or otherwise, as a result of any acts alleged to have been committed by Defendant in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has named improper parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has spoliated evidence.

WHEREFORE, this Defendant having fully answered Plaintiff's Complaint, requests that this Court dismiss the same with prejudice and assess costs incurred by this Defendant in answering the complaint and for such other and further relief as this Court deems just and proper.

## DYNAMIC TRANSIT COMPANY'S COUNTERCLAIM

COMES NOW Counterclaimant Dynamic Transit Company and sates as follows:

1.    Jay Meyer was employed by Dynamic Transit Company and at all relevant times hereto was acting within the course and scope his employment with Dynamic Transit Company.

2.    Counterclaimant Dynamic Transit Company is an Illinois company engaged in interstate commerce.

4

3.     Counter-Defendant Celadon Trucking Services is an Indiana company engaged in interstate commerce with its principal place of business located in Columbus, Indiana.

4.     This Court has jurisdiction over the parties and the subject matter of this action.

5.     Venue lies in this district and county.

## GENERAL BACKGROUND FACTS

1.     This case arises from a motor vehicle accident which occurred on July 5, 2015.

2.     The accident was caused by the negligence of Scottra Carr, an employee of Celadon Trucking Services, acting within the course and scope of her employment with Celadon.

3.     More specifically, Scottra Carr negligently operated her commercial motor vehicle, colliding with the commercial vehicle driven by Defendant Jay Meyer and caused Defendant/Counterclaimant to suffer property damage to the commercial vehicle at an amount to be proven at trial.

WHEREFORE, Counter-Defendant/Counterclaimant prays for judgment against Counter-Defendant Celadon Trucking Services for any and all property damage and related damages sustained by Defendant/Counterclaimant in an amount to be proven at trial and for such other and further relief as the Court deems just and proper.

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association


By: _____
    Lance D. Richards
    Justin L. Robbs
    20 First Plaza, NW, Suite 500
    Albuquerque, New Mexico 87102
    505/842-8255
    *Attorneys for Dynamic Transit Company*

5

## CERTIFICATE OF SERVICE

It is hereby certified that on August __21____, 2015, Dynamic Transit Company's Answer and Counterclaim Against Celadon Trucking was electronically filed and electronically served on the parties listed below:

Parker W. Patterson, Esquire
Gilstrap & Associates
5915 Silver Springs, Building 2
El Paso, Texas 19912

_____
Lance D. Richards
Justin L. Robbs

13696.004; Answer of Dynamic Transit [and Counterclaim Against Celadon Trucking].docx

6

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/21/2015 1:51:23 PM
James A. Noel
Nadine Spencer

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,

     Plaintiff,

vs.                                  Case No. D-202-CV-2015-05559

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

     Defendants.

## CERTIFICATION REGARDING ARBITRATION
## PURSUANT TO LR2-603

     COMES NOW Defendant Dynamic Transit Company, by and through its counsel of record, Civerolo, Gralow, Hill & Curtis, P.A. (Lance D. Richards and Justin L. Robbs) and hereby certifies that the amount sought in this action exceeds $25,000.00, exclusive of punitive damages, interest, costs, and attorneys' fees.

                              CIVEROLO, GRALOW, HILL & CURTIS
                              A Professional Association

     By: _____
               Lance D. Richards
               Justin L. Robbs
               20 First Plaza, NW, Suite 500
               Albuquerque, New Mexico 87102
               505/842-8255
               *Attorneys for Dynamic Transit Company*

## CERTIFICATE OF SERVICE

It is hereby certified that on August __21__, 2015, the Certification Regarding Arbitration was electronically filed and electronically served on the parties listed below:

Parker W. Patterson, Esquire
Gilstrap & Associates
5915 Silver Springs, Building 2
El Paso, Texas 19912

Lance D. Richards
Justin L. Robbs

13696.004; Certification Regarding Arbitration.docx

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/28/2015 12:54:06 PM
James A. Noel
Dora Bozovic

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR            §
                                   §
      Plaintiff,           §
                                     §
v.                             §          Cause No. D-202-CV-2015-05559
                                     §
JAY MEYER and        §
DYNAMIC TRANSIT COMPANY,    §
      Defendants.        §
                                     §
                                     §
―――――――――――――――― §
                                     §
DYNAMIC TRANSIC COMPANY, INC., §
                                     §
      Counter-Plaintiff,    §
                                     §
v.                             §
                                     §
CELADON TRUCKING SERVICES, INC., §
                                     §
      Counter-Defendant.    §

## CERTIFICATE OF NON-FILED DISCOVERY

COMES NOW, Plaintiff SCOTTRA CARR, by and through her undersigned attorney of record, and states that the following were served upon all attorneys of record:

1.     Plaintiff's First Set of Interrogatories to Defendant DYNAMIC TRANSIT COMPANY, INC.; and

2.     Plaintiff's First Request for Production to Defendant DYNAMIC TRANSIT COMPANY, INC.

Dated this 28th day of August, 2015.

Respectfully submitted,

**GILSTRAP & ASSOCIATES P.C.**
5915 Silver Springs, Bldg. 2
El Paso, TX 79912
(915) 581 0020
(915) 591 7934 (fax)

By: _____
PARKER W. PATTERSON
NM Bar No. 14576
**Attorney for Plaintiff**

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/31/2015 3:39:53 PM
James A. Noel
Dora Bozovic

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,

     Plaintiff,

vs.                            Case No. D-202-CV-2015-05559

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

     Defendants,

DYNAMIC TRANSIT COMPANY,

          Third-Party Plaintiff,

v.

CELADON TRUCKING SERVICES,

          Third-Party Defendant

### AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES AND DYNAMIC TRANSIT COMPANY'S THIRD-PARTY CLAIM AGAINST CELADON TRUCKING SERVICES

COMES NOW Defendant Dynamic Transit Company ("Dynamic"), by and through its counsel of record, Civerolo, Gralow, Hill & Curtis, P.A. (Lance D. Richards and Justin L. Robbs), and hereby submits its Answer to Plaintiff's Complaint for Personal Injuries as follows.

1.     Defendant Dynamic admits the allegations in paragraph 1 of Plaintiff's Complaint.

2.     Defendant Dynamic denies the allegations in paragraph 2 of Plaintiff's Complaint concerning Defendant Jay Meyer's address, but admits that Mr. Meyers is a resident of Missouri.

3.     Defendant Dynamic admits the allegations in paragraphs 3 and 4 of Plaintiff's Complaint.

5.     This Defendant is without sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.     Defendant Dynamic denies the allegations in paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint.

7.     Paragraph 10 of Plaintiff's Complaint contains no allegations.   Defendant reasserts is answers and responses to paragraphs 1 through 9 of Plaintiff's Complaint.

8.     Defendant Dynamic denies the allegations in paragraphs 11 and 12 of Plaintiff's Complaint.

9.     Paragraph 13 of Plaintiff's Complaint contains no allegations. Defendant Dynamic reasserts its answers and responses to paragraphs 1 through 12 of Plaintiff's Complaint.

10.     Defendant Dynamic admits the allegations in paragraphs 14 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the acts and damages alleged in Plaintiff's Complaint, which are specifically denied, was the proximate result of acts or omissions to act of third parties not known or in the employ of Defendant, thereby barring recovery herein.

2

### THIRD AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states the damages to Plaintiff, which are specifically denied, were the proximate result of an independent, intervening cause or force thereby barring recovery herein.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that if it were negligent, which negligence is specifically denied, Plaintiff was also negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances, and that Plaintiff's negligence proximately caused or contributed to cause the matters complained of in the Plaintiff's Complaint, thereby reducing the amount of Plaintiff's damages, which are also specifically denied, by an amount proportionate to the Plaintiff's degree of fault.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the Plaintiff has failed to mitigate damages requested in Plaintiff's Complaint thereby barring recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that any injuries alleged by Plaintiff are the result of pre-existing conditions.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the cause of action for punitive damages contained in Plaintiff's Complaint fails to state a cause of action for punitive damages for which relief may be granted.

3

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that an award of punitive damages or an excessive award of punitive damages against Defendant would be unconstitutional pursuant to the United States Constitution and the Constitution of the State of New Mexico.

## NINTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that Plaintiff has suffered no damage, injury, prejudice or otherwise, as a result of any acts alleged to have been committed by Defendant in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has named improper parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has spoliated evidence.

WHEREFORE, this Defendant having fully answered Plaintiff's Complaint, requests that this Court dismiss the same with prejudice and assess costs incurred by this Defendant in answering the complaint and for such other and further relief as this Court deems just and proper.

## DYNAMIC TRANSIT COMPANY'S COUNTERCLAIM

COMES NOW Third-Party Plaintiff Dynamic Transit Company and sates as follows:

1.     Jay Meyer was employed by Dynamic Transit Company and was at all relevant times hereto acting within the course and scope his employment with Dynamic Transit Company.

2.      Third-Party Plaintiff Dynamic Transit Company is an Illinois company engaged in interstate commerce.

3.      Third Party Defendant Celadon Trucking Services is an Indiana company engaged in interstate commerce with its principal place of business located in Columbus, Indiana.

4.      This Court has jurisdiction over the parties and the subject matter of this action.

5.      Venue lies in this district and county.

## GENERAL BACKGROUND FACTS

1.      This case arises from a motor vehicle accident which occurred on July 5, 2015.

2.      The accident was caused by the negligence of Scottra Carr, an employee of Celadon Trucking Services, acting within the course and scope of her employment with Celadon.

3.      More specifically, Scottra Carr negligently operated her commercial motor vehicle, colliding with the commercial vehicle driven by Defendant Jay Meyer and caused Defendant/Third-Party Plaintiff to suffer property damage to the commercial vehicle at an amount to be proven at trial.

WHEREFORE, Defendant/Third-Party Plaintiff prays for judgment against Third-Party Defendant Celadon Trucking Services for any and all property damage and related damages sustained by Defendant/Third-Party Plaintiff in an amount to be proven at trial and for such other and further relief as the Court deems just and proper.

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association


By: _____
        Lance D. Richards
        Justin L. Robbs

5

20 First Plaza, NW, Suite 500
Albuquerque, New Mexico 87102
505/842-8255
*Attorneys for Dynamic Transit Company*

## CERTIFICATE OF SERVICE

It is hereby certified that on August __3/__, 2015, Dynamic Transit Company's Amended Answer and Third-Party Claim Against Celadon Trucking was electronically filed and electronically served on the parties listed below:

Parker W. Patterson, Esquire
Gilstrap & Associates
5915 Silver Springs, Building 2
El Paso, Texas 19912

Lance D. Richards
Justin L. Robbs

13696.004; Amended Answer of Dynamic Transit [and Third-Party Claim Against Celadon Trucking].docx

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/15/2015 2:10:52 PM
James A. Noel
Jane Shrader

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,

      Plaintiff,

vs.                           Case No. D-202-CV-2015-05559

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

      Defendants.

## ACCEPTANCE OF SERVICE

    COMES NOW the law firm of Civerolo, Gralow, Hill & Curtis, P.A. (Lance D. Richards and Justin L. Robbs) and hereby accepts service of the Complaint for Personal Injuries in the above-entitled cause of action on behalf of Jay Meyer.  Mr. Meyer's answer or other responsive pleading is due October 9, 2015.

               CIVEROLO, GRALOW, HILL & CURTIS
               A Professional Association

               By: _____
                    Lance D. Richards
                    Justin L. Robbs
                    20 First Plaza, NW, Suite 500
                    Albuquerque, New Mexico 87102
                    505/842-8255
                    *Attorneys for Jay Meyer and*
                    *Dynamic Transit Company*

## CERTIFICATE OF SERVICE

It is hereby certified that on the _____16th_____ day of September, 2015, the Acceptance of Service for Jay Meyer was electronically filed and electronically served on the parties listed below:

Parker W. Patterson, Esquire
Gilstrap & Associates
5915 Silver Springs, Building 2
El Paso, Texas 19912

Lance D. Richards
Justin L. Robbs

13696.004; acceptance of service [for Jay Meyer].doc

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/6/2015 9:36:08 AM
James A. Noel
Dawna Jarvis

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR,

     Plaintiff,

vs.                                                        Case No. D-202-CV-2015-05559

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

     Defendants,

DYNAMIC TRANSIT COMPANY,

         Third-Party Plaintiff,

v.

CELADON TRUCKING SERVICES,

         Third-Party Defendant

## CERTIFICATE OF SERVICE

    It is hereby certified that on this ___6th___ day of October 2015, this Certificate of Service

for Defendant Dynamic Transit Company's Answers to Plaintiff's First Set of Interrogatories to

Defendant Dynamic Transit Company, Inc. and Responses to Plaintiff's First Request for Production

to Defendant Dynamic Transit Company, Inc., was filed electronically through the CM/ECF system,

which caused all attorneys of record indicated below to be electronically served, and further, that the

original and one copy of said documents were mailed to said attorney/s.

Parker W. Patterson, Esquire
Gilstrap & Associates, P.C.
5915 Silver Springs, Bldg. 2
El Paso, Texas   79912
*Attorney for Plaintiff*

CIVEROLO, GRALOW, HILL & CURTIS, P.A.

By: _____
   Lance D. Richards
   Justin L. Robbs
   *Attorney for Defendant/Counter-Plaintiff*
   *Dynamic Transit Company*
   20 First Plaza NW, Suite 500
   Albuquerque, NM  87103-0887
   505-842-8255
   Richardsl@civerolo.com
   Robbsj@civerolo.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/9/2015 9:34:21 AM
James A. Noel
Shellene Romero

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

SCOTTRA CARR,

        Plaintiff/Counterdefendant,

v.                                    Case No. D-202-CV-2015-05559

JAY MEYER,

        Defendant/Counterplaintiff,

and

DYNAMIC TRANSIT COMPANY,

        Defendant,

-and-

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

        Third Party Plaintiffs,

v.

CELADON GROUP, INC. d/b/a
CELADON TRUCKING SERVICES,
a foreign profit corporation,

        Third Party Defendant.

### ANSWER OF DEFENDANT JAY MEYER
### TO PLAINTIFF'S COMPLAINT FOR
### PERSONAL INJURIES

        COMES NOW Defendant Jay Meyer ("Meyer"), by and through his counsel of record,

Civerolo, Gralow, Hill & Curtis, P.A. (Lance D. Richards and Justin L. Robbs), and hereby

submits his Answer to Plaintiff's Complaint for Personal Injuries as follows.

        1.      Defendant Meyer admits the allegations in paragraph 1 of Plaintiff's Complaint.

2.     Defendant Meyer denies the allegations in paragraph 2 of Plaintiff's Complaint concerning Defendant Jay Meyer's address, but admits that Mr. Meyers is a resident of Missouri.

3.     Defendant Meyer admits the allegations in paragraphs 3 and 4 of Plaintiff's Complaint.

5.     This Defendant is without sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.     Defendant Meyer denies the allegations in paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint.

7.     Paragraph 10 of Plaintiff's Complaint contains no allegations.   Defendant reasserts his answers and responses to paragraphs 1 through 9 of Plaintiff's Complaint.

8.     Defendant Meyer denies the allegations in paragraphs 11 and 12 of Plaintiff's Complaint.

9.     Paragraph 13 of Plaintiff's Complaint contains no allegations.  Defendant Meyer reasserts his answers and responses to paragraphs 1 through 12 of Plaintiff's Complaint.

10.     Defendant Meyer admits the allegations in paragraphs 14 of Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Defendant states that the acts and damages alleged in Plaintiff's Complaint, which are specifically denied, was the proximate result of acts or omissions to act of third parties not known or in the employ of Defendant, thereby barring recovery herein.

2

### THIRD AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states the damages to Plaintiff, which are specifically denied, were the proximate result of an independent, intervening cause or force thereby barring recovery herein.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that if it were negligent, which negligence is specifically denied, Plaintiff was also negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances, and that Plaintiff's negligence proximately caused or contributed to cause the matters complained of in the Plaintiff's Complaint, thereby reducing the amount of Plaintiff's damages, which are also specifically denied, by an amount proportionate to the Plaintiff's degree of fault.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the Plaintiff has failed to mitigate damages requested in Plaintiff's Complaint thereby barring recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that any injuries alleged by Plaintiff are the result of pre-existing conditions.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that the cause of action for punitive damages contained in Plaintiff's Complaint fails to state a cause of action for punitive damages for which relief may be granted.

3

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that an award of punitive damages or an excessive award of punitive damages against Defendant would be unconstitutional pursuant to the United States Constitution and the Constitution of the State of New Mexico.

## NINTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Defendant states that Plaintiff has suffered no damage, injury, prejudice or otherwise, as a result of any acts alleged to have been committed by Defendant in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has named improper parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has spoliated evidence.

WHEREFORE, this Defendant having fully answered Plaintiff's Complaint, requests that this Court dismiss the same with prejudice and assess costs incurred by this Defendant in answering the complaint and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Counterplaintiff/Third Party Plaintiff Jay Meyer, by and through his attorneys, Fine Law Firm (David M. Fine and Charlotte L. Itoh), hereby and respectfully brings this Counterclaim

and Third Party Complaint for Personal Injuries against Counterdefendant Scottra Carr and Third

Party Defendant Celadon Group, Inc. d/b/a Celadon Trucking Services as follows:

## PARTIES, JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter and parties to this action
pursuant to the Court's general jurisdiction.

2.  Counterplaintiff/Third Party Plaintiff Jay Meyer is a resident of St. Charles County,
Missouri.

3.  Upon information and belief, Counterdefendant Scottra Carr is a resident of
Clayton County, Georgia.

4.  Third Party Defendant Celadon Group, Inc. d/b/a Celadon Trucking Services is an
interstate freight trucking company based in the State of Indiana.

5. At all material times, Third Party Defendant Celadon Group, Inc. d/b/a Celadon
Trucking Services was acting through its employees or agents, who were acting in the course of
their employment, and is responsible for their acts and omissions under the doctrines of agency
or *respondeat superior*.

6.  Venue is proper in this district. All of the acts complained of occurred in Bernalillo
County, New Mexico. Both Counterdefendant and Third Party Defendant are non-residents of
the State of New Mexico, and Third Party Defendant Celadon Group, Inc. d/b/a Celadon
Trucking Services is not registered to do business in the State of New Mexico and has not
designated a statutory agent in the State of New Mexico upon whom service of process may be
had.

## GENERAL FACTUAL ALLEGATIONS

7.     On July 5, 2014, at approximately 11:14 a.m., Counterplaintiff/Third Party Plaintiff Jay Meyer was driving a commercial semi-truck in the course and scope of his employment with Defendant Dynamic Transit Company on eastbound Interstate 40 near mile marker 181 in Bernalillo County, New Mexico.

8.     Counterdefendant Scottra Carr was also driving a commercial semi-truck in the course and scope of her employment with Third Party Defendant Celadon Group, Inc. d/b/a Celadon Trucking Services on eastbound Interstate 40 near mile marker 181 in Bernalillo County.

9.     Counterdefendant Scottra Carr's semi-truck negligently operated her vehicle.

10.     Counterdefendant's negligent operation of the vehicle included, but was not limited to, traveling in the far right hand lane below the posted speed limit and abruptly coming into the lane in which Mr. Meyer's vehicle was traveling.

11.     Mr. Meyer was unable to avoid a collision with the other truck.

12.     Mr. Meyer was transported to the University of New Mexico Hospital from the scene of the crash with serious injuries.

13.     Mr. Meyer suffered serious injuries and damages as the result of the July 5, 2014 crash, including but not limited to past and future medical expenses, lost wages, lost earning capacity, permanent impairment, hedonic damages, emotional distress and pain and suffering.

### COUNT I: NEGLIGENCE AGAINST COUNTERDEFENDANT CARR

14.     Counterplaintiff incorporates the preceding paragraphs as though fully set forth herein.

15.     Counterdefendant Scottra Carr negligently operated her motor vehicle.

16.    Counterdefendant's negligence includes, but is not limited to, driving in a careless, inattentive and imprudent manner, failing to keep a proper lookout, making an improper and unsafe lane change, and failing to maintain a minimum safe speed, among other acts and failures to act.

17.    As a direct and proximate result of the negligent conduct by Counterdefendant, Counterplaintiff suffered serious injuries and damages as a result of the crash, including, but not limited to, past and future medical expenses, lost wages, lost earning capacity, permanent impairment, hedonic damages, emotional distress and pain and suffering.

### COUNT II: NEGLIGENCE *PER SE AGAINST COUNTERDEFENDANT CARR*

18.    Counterplaintiff incorporates the preceding paragraphs as though fully set forth herein.

19.    NMSA §§66-7-301, *et seq.*, NMSA §§66-8-101, *et seq.* are in effect in order to protect persons such as Counterplaintiff from injuries caused by drivers who fail to obey the various safety precautions contained therein, specifically, but not limited to, driving in a careless, inattentive and imprudent manner, failing to keep a proper lookout, making an improper and unsafe lane change, and failing to maintain a minimum safe speed, among other acts and failures to act.

20.    Counterdefendant violated NMSA §§66-7-301, *et seq.*, NMSA §§66-8-101, *et seq.* by driving in a careless, inattentive and imprudent manner, failing to keep a proper lookout, making an improper and unsafe lane change, and failing to maintain a minimum safe speed, among other acts and failures to act.

21.    As a direct and proximate result of the negligent conduct by Counterdefendant, Counterplaintiff suffered serious injuries and damages as a result of the crash, including, but not

limited to, past and future medical expenses, lost wages, lost earning capacity, permanent impairment, hedonic damages, emotional distress and pain and suffering.

### COUNT III: RESPONDEAT SUPERIOR AGAINST THIRD PARTY DEFENDANT CELADON

22.   Third Party Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

23.   By operation of the doctrine of *respondeat superior*, Third Party Defendant Celadon Group, Inc. d/b/a Celadon Trucking Services is legally responsible for the negligence of its employee/agent, Counterdefendant Scottra Carr.

### COUNT IV: NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST THIRD PARTY DEFENDANT CELADON

24.   Third Party Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

25.   Third Party Defendant was negligent in hiring, training and supervising Counterdefendant Scottra Carr.

26.   Third Party Defendant negligently retained Counterdefendant Carr.

27.    As a direct and proximate result of the negligent conduct by Third Party Defendant, Third Party Plaintiff suffered serious injuries and damages as a result of the crash, including, but not limited to, past and future medical expenses, lost wages, lost earning capacity, permanent impairment, hedonic damages, emotional distress and pain and suffering.

WHEREFORE, Counterplaintiff/Third Party Plaintiff respectfully requests that the Court enter judgment in his favor and against Counterdefendant and Third Party Defendant, awarding him compensatory damages, costs, prejudgment and postjudgment interest, and any such other and further relief as the Court deems just and proper.

Respectfully submitted,

"Electronically Filed"

*/s/ Lance D. Richards*
Lance D. Richards
Civerolo Gralow Hill & Curtis PA
P.O. Box 887
Albuquerque, New Mexico 87103-0887
Ph.: (505) 764-6057
Fax: (505) 764-6099
*Attorneys for Defendant Jay Meyer and*
*Defendant/Third Party Plaintiff Dynamic Transit*
*Company*

-and-

"Electronically Filed"

*/s/ David M. Fine*
David M. Fine
Charlotte L. Itoh
Fine Law Firm
220 Ninth Street NW
Albuquerque, NM 87102
Ph.: (505) 243-4541
Fax: (505) 242-2716
*Attorneys for Counterplaintiff/Third Party Plaintiff*
*Jay Meyer*

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/11/2015 4:24:20 PM
James A. Noel
Shellene Romero

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

SCOTTRA CARR,

        Plaintiff/Counterdefendant,

v.                                Case No. D-202-CV-2015-05559

JAY MEYER,

        Defendant/Counterplaintiff,

and

DYNAMIC TRANSIT COMPANY,

        Defendant,

-and-

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

        Third Party Plaintiffs,

v.

CELADON GROUP, INC. d/b/a
CELADON TRUCKING SERVICES,
a foreign profit corporation,

        Third Party Defendant.

## COUNTERPLAINTIFF / THIRD PARTY PLAINTIFF JAY MEYER'S CERTIFICATION REGARDING ARBITRATION UNDER LOCAL RULE 2-603

        I, Charlotte L. Itoh, counsel for Counterplaintiff/Third Party Plaintiff Jay Meyer, certify that:

     ___     This case is subject to referral to arbitration under Local Rule 2-603. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000.00 exclusive of punitive damages, interest, costs and attorneys' fees.

     _X_     This case is not subject to referral to arbitration under Local Rule 2-603, because

at least one party seeks an award in excess of $25,000.00, exclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

Respectfully submitted,

"Electronically Filed"

/s/ Charlotte L. Itoh
Charlotte L. Itoh
FINE LAW FIRM
220 Ninth Street NW
Albuquerque, NM 87102
Ph.: (505) 243-4541
Fax: (505) 242-2716
*Attorneys for Counterplaintiff /*
*Third Party Plaintiff Jay Meyer*

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/3/2015 10:43:00 AM
James A. Noel
Christina Villa

SECOND JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

SCOTTRA CARR                           §
                                       §
        Plaintiff/Counterdefendant,    §
                                       §
v.                                     §          Cause No. D-202-CV-2015-05559
                                       §
JAY MEYER,                             §
                                       §
        Defendant/Counterplaintiff,    §
                                       §
and                                    §
                                       §
DYNAMIC TRANSIT COMPANY,               §
                                       §
        Defendant.                     §
                                       §
_____    §
                                       §
JAY MEYER and                          §
DYNAMIC TRANSIC COMPANY,               §
                                       §
        Third Party Plaintiffs,        §
                                       §
v.                                     §
                                       §
CELADON GROUP, INC. d/b/a              §
CELADON TRUCKING SERVICES              §
                                       §
        Third Party Defendant.         §

## PLAINTIFF'S ORIGINAL ANSWER TO
## DEFENDANT JAY MEYER'S COUNTERCLAIM AND
## THIRD PARTY COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

        COMES NOW Plaintiff/Counterdefendant SCOTTRA CARR ("Counterdefendant"), by

and through her undersigned counsel of record, and hereby files her Original Answer to

Defendant/Counterplaintiff JAY MAYER's ("Counterplaintiff") Counterclaim and Third Party

Complaint for Personal Injuries and Damages ("Counterplaintiff's Complaint"), and in support thereof, would show the Court as follows:

1.      Counterdefendant admits the allegations in paragraph 1 of Counterplaintiff's Complaint.

2.      Counterdefendant admits the allegations in paragraph 2 of Counterplaintiff's Complaint.

3.      Counterdefendant admits the allegations in paragraph 3 of Counterplaintiff's Complaint.

4.      Upon information and belief, Counterdefendant admits the allegations in paragraph 4 of Counterplaintiff's Complaint.

5.      Counterdefendant is without sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 5 of Counterplaintiff's Complaint and therefore denies the same.

6.      Counterdefendant admits that venue is proper in the Second Judicial District and that Counterdefendant is not a resident of the State of New Mexico.  Upon information and belief, Counterdefendant admits that Third Party Defendant CELADON GROUP, INC. ("Third Party Defendant CELADON") is a non-resident of the State of New Mexico, is not registered to do business in New Mexico and has not designated a statutory agent for service of process in the State of New Mexico.

7.      Counterdefendant admits the allegations in paragraph 7 of Counterplaintiff's Complaint.

8.      Counterdefendant admits the allegations in paragraph 8 of Counterplaintiff's Complaint.

9.      Counterdefendant denies the allegations in paragraphs 9-11 of Counterplaintiff's Complaint.

10.     Counterdefendant is without sufficient information to form a reasonable belief as to the truth of the allegations contained in paragraph 12 of Counterplaintiff's Complaint and therefore denies the same.

11.     Counterdefendant denies the allegations in paragraphs 13 of Counterplaintiff's Complaint.

12.     Paragraph 14 of Counterplaintiff's Complaint contains no allegations.

13.     Counterdefendant denies paragraphs 15 through 17 of Counterplaintiff's Complaint.

14.     Paragraph 18 of Counterplaintiff's Complaint contains no allegations.

15.     Counterdefendant would show that paragraph 19 is a legal conclusion that requires no response.  To the extent that paragraph 19 contains factual allegations that require a response, Counterdefendant denies the same

15.     Counterdefendant denies paragraphs 20 through 21 of Counterplaintiff's Complaint.

16.     Paragraph 22 of Counterplaintiff's Complaint contains no allegations.

17.     Counterdefendant denies paragraphs 23 to the extent it alleges that she was negligent in connection with the collision made the basis of Counterplaintiff's Complaint and admits the remainder of the allegations contained in paragraph 23.

18.     Paragraph 24 of Counterplaintiff's Complaint contains no allegations.

19.    The allegations in paragraphs 25 through 27 do not appear to be directed at Counterdefendant, however, to the extent they may be read as stating a cause of action against Counterdefendant, Counterdefendant denies the same.

## FIRST AFFIRMATIVE DEFENSE

The Counterplaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and alternative defense, Counterdefendant states that the acts and damages alleged in Counterplaintiff's Complaint, which are specifically denied, were the proximate result of acts or omissions to act of third parties not known or in the employ of Counterdefendant, thereby barring recovery herein.

## THIRD AFFIRMATIVE DEFENSE

As a separate and alternative defense, Counterdefendant states the damages to Counterplaintiff, which are specifically denied, were the proximate result of an independent, intervening cause or force thereby barring recovery.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Counterdefendant states that if she were negligent, which negligence is specifically denied, Counterplaintiff was also negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances, and that Counterplaintiff's negligence proximately caused or contributed to cause the matters complained of in Counterplaintiff's Complaint, thereby reducing the amount of Counterplaintiff's damages, which are also specifically denied, by an amount proportionate to the Plaintiff's degree of fault.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Counterdefendant states that the Counterplaintiff has failed to mitigate damages requested in Counterplaintiff's Complaint thereby barring recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Counterdefendant states that any injuries alleged by the Counterplaintiff are the result of pre-existing conditions.

SEVENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Counterdefendant states that Counterplaintiff has suffered no damage, injury, prejudice or otherwise, as a result of any acts alleged to have been committed by Counterdefendant in Counterplaintiff's Complaint.

WHEREFORE, the Counterdefendant having fully answered Counterplaintiff's Complaint, requests that this Court dismiss the same with prejudice and assess costs incurred by this Defendant in answering the complaint and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**GILSTRAP & ASSOCIATES, P.C.**
5915 Silver Springs, Bldg. 2
El Paso, Texas 79912
Phone (915) 581-0020
Fax (915) 581-7934

By:   _____
PARKER W. PATTERSON
NM State Bar No. 145796

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2015, a copy of the foregoing was electronically filed, which caused the following parties of record involved in this matter to be served by electronic means, as more fully reflected in the Electronic Notice of Filing:

Lance D. Richards
CIVEROLO, GRALOW, HILL & CURTIS, P.A.
20 First Plaza Ctr NW #500
Albuquerque, NM 87102
Phone: (505) 842-8255
Fax: (505) 764-6099
**Attorney for Third Party Plaintiff DYNAMIC TRANSIT COMPANY, INC.**

and

David M. Fine
Charlotte L. Itoh
FINE LAW FIRM
220 Ninth St. NW
Albuquerque, NM 87102
**Attorney for Counterplaintiff JAY MEYER**

_____
Parker W. Patterson

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/5/2015 10:14:55 AM
James A. Noel
Nadine Spencer

**SECOND JUDICIAL DISTRICT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

| | | |
|---|---|---|
| **SCOTTRA CARR** | § | |
| | § | |
| **Plaintiff/Counterdefendant,** | § | |
| | § | |
| v. | § | **Cause No. D-202-CV-2015-05559** |
| | § | |
| **JAY MEYER,** | § | |
| | § | |
| **Defendant/Counterplaintiff,** | § | |
| | § | |
| and | § | |
| | § | |
| **DYNAMIC TRANSIT COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| _____ | § | |
| | § | |
| **JAY MEYER and** | § | |
| **DYNAMIC TRANSIT COMPANY,** | § | |
| | § | |
| **Third Party Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| **CELADON GROUP, INC. d/b/a** | § | |
| **CELADON TRUCKING SERVICES** | § | |
| | § | |
| **Third Party Defendant.** | § | |

**CERTIFICATE OF NON-FILED DISCOVERY**

COMES NOW, Plaintiff/Counterdefendant SCOTTRA CARR in the above styled and numbered cause and states that the following was served upon all attorneys of record:

1)    Plaintiff's First Set of Interrogatories to Defendant JAY MEYER; and

2)    Plaintiff's First Request for Production to Defendant JAY MEYER.

Dated this 3rd day of November, 2015.

Respectfully submitted,

**GILSTRAP & ASSOCIATES, P.C.**
5915 Silver Springs, Bldg. 2
El Paso, Texas  79912
(915) 581-0020
(915) 581-7934   facsimile

By:  _____
PARKER W. PATTERSON
NM State Bar No. 145796
Attorney for Plaintiff

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/16/2015 11:54:39 AM
James A. Noel
Jane Shrader

# SUMMONS ON THIRD PARTY COMPLAINT

Court: SECOND JUDICIAL DISTRICT COURT
      Bernalillo, New Mexico
Court Address:
      400 Lomas Blvd
      Albuquerque, New Mexico 87102
      Court Telephone No.: 505-841-7451

Case Number:  D-202-CV-2015-05559

Assigned Judge: Denise Barela-Shepherd

SCOTTRA CARR,

          Plaintiff/Counterdefendant,

v.

JAY MEYER,

          Defendant/Counterplaintiff,

and

DYNAMIC TRANSIT COMPANY,

          Defendant,

-and-

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

          Third Party Plaintiffs,

v.

CELADON GROUP, INC. d/b/a
CELADON TRUCKING SERVICES,
a foreign profit corporation,

          Third Party Defendant.

Defendant: Celadon Group, Inc.
          d/b/a Celadon Trucking Services

Address:Corporate Office: 9503 E. 33rd St.
          Indianapolis, IN 46235

**TO THE ABOVE NAMED DEFENDANT(S):**  Take notice that

1.     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are

considered served with the Summons is determined by Rule 1-004 NMRA)  The Court=s address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

10/14/2015

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By:

Patricia Serna, Deputy

/s/  DAVID M. FINE
DAVID M. FINE
Attorney for Plaintiff
Fine Law Firm
220 Ninth St. NW
Albuquerque, NM 87102
(505) 243-4541
(505) 242-2716 Fax

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS
RETURN[1]

STATE OF   INDIANA   )
                                       )ss
COUNTY OF   MARION   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in   Marion   county on the   4   day of
November    ,   2015  by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]   to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons and
complaint by first class mail to the defendant at _____ (*insert defendant's last
known mailing address*).

[xx]   to   Amy Cline   , an agent authorized to receive service of process for
defendant   Celadon Group, Inc   .

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad
litem] of defendant _____ (*used when defendant is a minor or an
incompetent person*).
[ ]   to _____ (*name of person*), _____,
(*title of person authorized to receive service.  Use this alternative when the defendant is a
corporation or an association subject to a suit under a common name, a land grant board of*

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this 5 day of November, 2015²

_____
Judge, notary or other officer
authorized to administer oaths

> LYNN KATHERINE LE FAIVE
> Seal
> Notary Public - State of Indiana
> Johnson County
> My Commission Expires Oct 8, 2023

_____
Official title

## USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.}

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/24/2015 9:39:28 AM
James A. Noel
Nadine Spencer

| SUMMONS ON THIRD PARTY COMPLAINT | |
|---|---|
| District Court: SECOND JUDICIAL<br>Bernalillo County, New Mexico<br>Court Address:<br>400 Lomas Blvd.<br>Albuquerque, New Mexico 87102<br>Court Telephone No.: 505-455-8250 | Case Number: D-202-CV-2015-05559<br><br>Assigned Judge: Denise Barela-Shepherd |
| SCOTTRA CARR,<br>      Plaintiff/Counterdefendant<br><br>v.<br><br>JAY MEYER Defendant/Counterplaintiff and<br>DYNAMIC TRANSIT COMPANY,<br>      Defendant,<br>-and-<br><br>JAY MEYER and<br>DYNAMIC TRANSIT COMPANY,<br>      Third Party Plaintiffs<br><br>v.<br><br>CELADON GROUP, INC. d/b/a<br>CELADON TRUCKING SERVICES,<br>a foreign corporation,<br>      Third Party Defendant. | Defendant: Celadon Group, Inc. d/b/a<br>Celadon Trucking Services<br>Address: Corporate Office: 9503 E.<br>33rd St.<br>Indianapolis, IN 46235 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.   10/19/2015



JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
    Cathy Chavez, Deputy

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association

By: _____

Lance D. Richards
Justin L. Robbs
20 First Plaza, NW, Suite 500
Albuquerque, New Mexico 87102
505/842-8255
*Attorneys for Dynamic Transit Company*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS
RETURN[1]

STATE OF    INDIANA    )
                     )ss
COUNTY OF   MARION    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in   Marion   county on the   4   day of
  November  ,   2015   by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]    to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons and
complaint by first class mail to the defendant at _____ (*insert defendant's last
known mailing address*).

[X]    to   Amy Cline  _____, an agent authorized to receive service of process for
defendant   Celadon Group, Inc  .

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad
litem] of defendant _____ (*used when defendant is a minor or an
incompetent person*).
[ ]    to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a
corporation or an association subject to a suit under a common name, a land grant board of*

*trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _5_ day of _November_, _2015_

_____
Judge, notary or other officer
authorized to administer oaths

> LYNN KATHERINE LE FAIVE
> Seal
> Notary Public - State of Indiana
> Johnson County
> My Commission Expires Oct 8, 2023

_____
Official title

## USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, expect as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SCOTTRA CARR | JAY MEYER |

(b) County of Residence of First Listed Clayton, Georgia

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _St. Charles County, Missouri_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Butt Thornton & Baehr, P.C.
Monica R. Garcia, Esq.
4101 Indian School Rd. N.E. #300
Albuquerque, NM  87110
Telephone: 505-884-0777

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUITE (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury – Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Heath | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395 ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIW C/DIW W (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 791 Empl Ret Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housings Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity.):
Title 28 Section 1332(a)

Brief description of cause:
Negligence; Respondeat Superior; Negligence Per Se; Negligent Hiring, Training, Supervision and Retention

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in Complaint
JURY DEMAND: ☒YES  ☐ NO

**VIII. RELATED CASES(S) IF ANY** (See instructions)
JUDGE_____  DOCKET NUMBER_____

DATE
December 3, 2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Monica R. Garcia

EXHIBIT
B

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

SCOTTRA CARR,

        Plaintiff/Counterdefendant,

v.                                         Case No. D-202-CV-2015-05559

JAY MEYER,

        Defendant/Counterplaintiff,

and

DYNAMIC TRANSIT COMPANY.

        Defendant.

-and-

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

        Third Party Plaintiffs,

v.

CELADON GROUP, INC. d/b/a
CELADON TRUCKING SERVICES

        Third Party Defendant.

### NOTICE OF FILING OF NOTICE OF REMOVAL

        PLEASE TAKE NOTE a Notice of Removal of the above-entitled action from the District Court for the Second Judicial District, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico, was duly filed on the 3rd day of December, 2015, in the United States District Court for the District of New Mexico. A copy of the Notice of Removal is attached to this Notice.



BUTT THORNTON & BAEHR PC


/s/ *Monica R. Garcia*
Monica R. Garcia
Attorneys for Third Party Defendant
*Celadon Group, Inc. d/b/a*
*Celadon Trucking Services*
P.O. Box 3170
Albuquerque, NM 87190
Telephone: (505) 884-0777
mrgarcia@btblaw.com


I HEREBY CERTIFY that on the 3rd day of
December, 2015, I filed the foregoing electronically
through the electronic filing system, which caused the
following parties or counsel to be served by
electronic means, as more fully reflected on the
Notice of Electronic Filing:

Parker W. Patterson
parker@gilstraplaw.com

Charlotte L. Itoh
charlotte@thefinelawfirm.com

David M. Fine
david@thefinelawfirm.com

Lance D. Richards
richardl@civerolo.com

Justin L. Robbs
robbsj@civerolo.com


/s/ *Monica R. Garcia*
Monica R. Garcia