IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTTRA CARR,

       Plaintiff/Counter-Defendant,

v.                                                1:15-cv-01097-LF-KBM

JAY MEYER,

       Defendant/Counter-Plaintiff,

and

DYNAMI TRANSIT COMPANY,

       Defendant,

and

JAY MEYER and
DYNAMIC TRANSIT COMPANY,

       Third Party Plaintiffs,

v.

CELADON GROUP, INC., d/b/a
CELADON TRUCKING SERVICES,
a foreign corporation,

       Third Party Defendant.

## **ORDER**

THIS MATTER comes before the Court on defendant Dynamic Transport Company's

("Dynamic Transit") Motion for Judgment on the Pleadings or, in the Alternative, Motion to

Dismiss (Doc. 25) and on plaintiff/counter-defendant Scottra Carr's Motion for leave to File

Second Amended Complaint (Doc. 32).  For the following reasons, the Court grants Carr's

motion and denies Dynamic Transport's motion.

## I.  Background

Carr originally filed her complaint for personal injuries against defendants Jay Meyer and

Dynamic Transit in the Second Judicial District Court for the State of New Mexico on July 6,

2015.  Doc. 1 at 9–12.[1]  She alleged two causes of action.  In count 1, she alleged that Meyer was

negligent in operating his commercial vehicle, thereby causing a collision between the

commercial vehicle she was driving and the one Meyer was driving.  *Id.* at 10–11.  In count 2,

she alleged that Dynamic Transit was vicariously liable for Meyer's negligence as Meyer was

acting within the scope of his employment with Dynamic Transit when the collision occurred.

*Id.* at 11.

On August 31, 2015, Dynamic Transit filed an amended answer to Carr's complaint,

which named Celadon Trucking Services ("Celadon") as a third party defendant.  *Id.* at 33–38.

Dynamic Transit alleged that it was Carr's negligence that caused the collision, and that Celadon

was liable for the property damage caused by Carr's negligence as Carr was acting within the

scope of her employment with Celadon when the collision occurred.  *Id.* at 37.  On October 9,

2015, Meyer filed his answer to Carr's complaint and alleged four counterclaims against Carr

and Celadon.  *Id.* at 43–51.  In counts 1 and 2, Meyer alleged claims of negligence and

negligence per se against Carr, which caused Meyer to suffer damages.  *Id.* at 48–50.  In counts 3

and 4, Meyer alleged that Celadon was responsible for Carr's alleged negligence based on the

doctrine of respondeat superior, and also was negligent in hiring, training, and supervising Carr.

*Id.* at 50.  Celadon removed the case to this Court on December 3, 2015.  *Id.* at 1–8.

---

[1] The page citations refer to the page numbers on the upper right hand corner of this document,
which were assigned by the Court's CM/ECF system.

On February 25, 2016, Chief Magistrate Judge Karen Molzen issued a scheduling order which required Carr, Meyer, and Dynamic Transit to move to amend their pleadings or add additional parties by the next day, February 26, 2016.  Doc. 19 at 2.  With the consent of all the parties, Carr filed her amended complaint by the deadline.  Doc. 23.  In her amended complaint, Carr realleged her claim of negligence against Meyer in count 1.  *Id.* at 3.  In count 2, she alleged that Meyer was negligent per se in causing the collision.  *Id.* at 4.  In count 3, she again alleged that Dynamic Transit was vicariously liable for Meyer's negligence because Meyer was acting within the scope of his employment with Dynamic Transit when the collision occurred.  *Id.*  And in count 4,[2] she alleged that Dynamic Transit was negligent in hiring, training, supervising, and retaining Meyer.  *Id.* at 4–5.

Ten days after Carr filed her amended complaint, Dynamic Transit filed its motion for judgment on the pleadings or, alternatively, a motion to dismiss count 4 of Carr's amended complaint.  Doc. 25.  It argued that count 4 of Carr's amended complaint failed to meet the pleading requirements set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) because the amended complaint failed to allege any facts supporting this count.  Doc. 25.  In response to Dynamic Transit's motion, Carr filed a motion requesting leave to file a second amended complaint which added the factual allegation that Meyer suffered from high blood pressure and a preexisting heart condition, of which both he and Dynamic Transit were aware.  *See* Doc. 31 at 2–3; Doc. 32 at 2–3.  She also alleged that this condition caused Meyer to accelerate rather than brake, which caused the

---

[2] Carr labels this count as "V," but it follows "Count III," and it is the last of four counts in the amended complaint.  Consequently, the Court will refer to this count as 4, not 5.

collision that is the subject of this lawsuit. *Id.* at 2. She further alleged that Dynamic Transit was negligent in hiring, training, supervising, and retaining Meyer because it knew or should have known that Meyer suffered from a health condition that rendered him unfit to operate a commercial vehicle. *Id.* at 3.

Dynamic Transit opposes Carr's motion to amend because, it says, the motion is untimely, futile, and serves no purpose other than to delay the Court's ruling on its dispositive motion. *See* Doc. 37 at 2–6. As explained below, however, the Court finds that Carr's proposed second amended complaint meets the pleading requirements of *Twombly* and *Iqbal*, and is not futile. Also, although Carr's motion is not timely, she promptly sought leave to amend as soon as Dynamic Transit challenged the sufficiency of her claim, and there is no evidence that Dynamic Transit would be prejudiced by the Court permitting Carr to file her second amended complaint.

## II. <u>Governing Law</u>

Because Carr is seeking to amend her complaint after the scheduling order deadline for doing so has passed, she must establish good cause for doing so. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). This requirement stems from Rule 16 of the Federal Rules of Civil Procedure, which provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard requires the moving party to show that the scheduling deadlines could not be met despite the moving party's diligent efforts. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

Rule 15 governs amendments to pleadings. *See* Fed. R. Civ. P. 15. "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its

pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).  Courts "should freely grant leave when justice so requires."  *Id*.; FED. R. CIV. P. 15(a)(2).  Rule 15(a)(2)'s purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Minter v. Prime Equip*., 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted).  Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).  When considering whether to allow a plaintiff to amend his or her complaint pursuant to Rule 15(a)(2), the Tenth Circuit has noted that "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."  *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Whether to grant leave to amend a complaint pursuant to Rule 15(a) is within the trial court's wide discretion.  *See Minter*, 451 F.3d at 1204 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)); *see also Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir.1999).  The court of appeals will not reverse a lower court's decision to permit an amendment unless the decision was "arbitrary, capricious, whimsical, or manifestly unreasonable."  *Bylin*, 536 F.3d at 1229.

### III. Discussion

In general, Rule 15(a) favors allowing plaintiffs to amend their complaints absent a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank*, 3 F.3d at 1365. Rule 16(b)'s "good cause" standard is arguably more stringent, and focuses instead "on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colorado Visionary Academy v. Medtronic, Inc*., 194 F.R.D. 684, 687 (D. Colo. 2000). The Tenth Circuit has noted "the 'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). The Tenth Circuit also has held that district courts have broad discretion to modify their scheduling orders, and has quoted with approval the Third Circuit's observation that "Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation." *Id.* (quoting *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003)). Thus, although the Court will focus first on whether Carr satisfies Rule 16(b)'s "good cause" standard and then will address whether Carr satisfies the requirements of Rule 15(a)(2), the analysis of the two standards overlaps.

Carr argues that the Court should find good cause to permit her to amend her complaint because she acted promptly in seeking to cure the deficiency in her pleading once Dynamic Transport pointed it out. Doc. 43 at 6. Dynamic Transport argues that Carr was not diligent because she could have "cured" the deficiency in her first amended complaint, filed on February 26, 2016. Doc. 37 at 3, 6. Dynamic Transport further argues that Carr was simply careless in drafting her first amended complaint, and that she could have alleged the facts she adds in her

6

second amended complaint in her first amended complaint. *Id.* at 6. Although this may be true, count 4 alleges a claim that was not contained in Carr's original complaint. Carr added her claim for negligent hiring and retention in her amended complaint, and she was not aware of Dynamic Transport's challenge to its sufficiency until ten days later, when Dynamic Transport filed its motion for judgment on the pleadings. Within 11 days, Carr sought to cure the deficiency in her pleading by filing her motion to amend. Thus, Carr exhibited diligence in seeking leave to amend. *See Wagner Equipment Co. v. Wood*, 289 F.R.D. 347, 350–51 (D.N.M. 2013) (plaintiff's filing of second motion to amend six weeks after deadline for filing amendments was reasonable). This is in contrast to other cases where the plaintiff waited months or even years to seek permission to amend. *See Gorsuch, Ltd., B.C.*, 771 F.3d at 1240–42 (plaintiff sought to amend complaint nearly two years after the deadline and did not establish good cause for the delay); *Trujillo v. Board of Educ. of Albuquerque Public Schools*, No. CV-02-1509, 2005 WL 3663713, at *1–*3 (D.N.M. Oct. 9, 2005) (unpublished) (plaintiff sought to amend complaint almost five months after deadline and five days before end of discovery; plaintiff did not establish good cause for the delay). Because Carr has been diligent in seeking to amend her complaint, the Court finds good cause under FED. R. CIV. P. 16(b)(4) to modify the scheduling order and permit Carr to file her second amended complaint.

Dynamic Transport also argues that the Court should deny Carr leave to amend because the amendment would be futile. Doc. 37 at 4–5. It asserts that Carr still is relying on "conclusory statements and formulaic recitations," and that count 4 fails to establish a legally plausible claim. *Id.* The Court disagrees. Carr has asserted that Meyer suffered from a serious medical condition (high blood pressure and a heart condition), of which Dynamic Transport was

7

aware, that made him unfit to drive a commercial vehicle safely, and which, Carr says, caused the collision. *See Lessard v. Coronado Paint & Decorating Center, Inc.*, 2007-NMCA-122, ¶ 28, 142 N.M. 583, 593, 168 P.3d 155, 165 ("Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit."). These allegations, if true, state a claim for relief that is plausible. Although Dynamic Transport raises several factual and legal reasons why Carr's claim should not prevail, *see* Doc. 37 at 4–5, those arguments are better suited for a motion for summary judgment or for the jury. At the pleading stage, Carr's allegations are sufficient. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[T]he *Twombly*/*Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.") (internal quotation omitted).

Dynamic Transport also argues that Carr should not be allowed to amend her complaint because she only sought amendment in response to a dispositive motion. Doc. 37 at 2. It cites to *Trujillo*, 2005 WL 3663713, at * 4, to support its argument. In *Trujillo*, however, the district court was particularly troubled by the plaintiff having filed her motion to amend only five days before the close of discovery, and in response to a motion to dismiss two counts of the complaint as well as a motion for summary judgment. *See id.* at *4–*5. The court believed it was unfair to "allow such a late amendment." *Id.* at *5. Here, discovery does not end until October 17, 2016, and trial does not begin until February 21, 2017. Dynamic Transport will suffer no undue prejudice from the amendment. Allowing the amendment will permit the "claim to be decided

8

on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotations omitted).

IT IS THEREFORE ORDERED that plaintiff/counter-defendant Scottra Carr's Motion for leave to File Second Amended Complaint (Doc. 32) is granted.  Carr will file her second amended complaint on or before May 24, 2016.

IT IS FURTHER ORDERED that defendant Dynamic Transport's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss (Doc. 25) is denied.

_____
Laura Fashing
United States Magistrate Judge