IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY MEYER,

    Plaintiff,

v.                                                                   1:15-cv-01097-LF-KBM

CELADON GROUP, INC. d/b/a
CELADON TRUCKING SERVICES, and
SCOTTRA CARR,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on third-party defendant (n/k/a defendant[1]) Celadon Group, Inc. d/b/a Celadon Trucking Services' ("Celadon") *Daubert* Motion to Exclude Part of Sergeant Steven Carroll's Testimony, filed on December 7, 2016, and fully briefed on January 4, 2017. Docs. 95, 106, 111, 113. Having read the submissions of the parties and the relevant law, the Court finds that the motion is well taken in part and will be granted in part and denied in part.

This is a personal injury suit that arose from a collision of two tractor-trailer vehicles driven by Jay Meyer and Scottra Carr. New Mexico State Police Sergeant Steven Carroll reported to the scene of the accident, investigated the collision, and produced a written report following his investigation. Doc. 95-2; Doc. 111-1. As a part of Sgt. Carroll's investigation, he interviewed both Ms. Carr and Mr. Meyer. Based on the interviews, Sgt. Carroll concluded that Mr. Meyer was at fault for the accident and cited him for careless driving. Doc. 95-2 at 2; Doc. 111-1 at 2. At his deposition, Mr. Meyer's counsel showed Sgt. Carroll information that was

---

[1] This motion was filed before the Court granted the unopposed motion that amended the caption in this case based on its current procedural posture. *See* Doc. 115. Celadon now is simply one of two remaining defendants, and Jay Meyer is the sole plaintiff. *See id.*

inconsistent with the information Sgt. Carroll received from Ms. Carr during his investigation. Doc. 95-1 at 5–6.  Sgt. Carroll agreed that, had he known the information at the time he wrote his report, his conclusions about who caused the accident would have been different. *Id*.  Although neither party disclosed Sgt. Carroll as an expert,[2] they agree that Sgt. Carroll's conclusions are expert opinions that are governed by Federal Rule of Civil Procedure 702.  *See* Doc. 95 at 3, 5–8; Doc. 106 at 2–4.

In its reply, Celadon concedes that a portion of Sgt. Carroll's anticipated testimony "is arguably based on Sgt. Carroll's specialized training and not his personal perception at the accident site," and proposes redactions to Sgt. Carroll's anticipated testimony.  Doc. 111 at 3. During the pretrial conference held on January 10, 2017, the parties agreed that the limitations suggested by Celadon in its reply addressed Mr. Meyer's concerns with regard to Sgt. Carroll's expert testimony.  *See* Doc. 117 at 2.

There is no dispute that Sgt. Carroll's testimony about what caused the accident is expert testimony.  I agree that the redactions proposed by Celadon remove Sgt. Carroll's expert opinions from the report, and that testimony consistent with the proposed redactions will not implicate Rule 702.

In addition, I find that Sgt. Carroll's testimony about what caused the accident is equally inadmissible under Federal Rule of Evidence 701, which provides for opinion testimony by a lay witness.  Under Rule 701, the testimony of a lay witness in the form of opinions or inferences is

---

[2] Celadon argues that although it did not name Sgt. Carroll by name, it disclosed him as an expert witness as a part of a category of "fact witnesses whose expertise and qualification are duly established."  The Court finds this disclosure insufficient under Federal Rule of Civil Procedure 26(a)(2)(C), which requires "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Celadon's disclosure does not meet either of these requirements.

limited to those which are "(a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. "Under the rule, a lay witness can testify to matters within [his or her] direct personal knowledge and to matters rationally based on the perception of the witness." *Graves ex rel. W.A.G. v. Toyota Motor Corp.*, 2011 WL 4590772, at *8 (S.D. Miss. Sept. 30, 2011). "An opinion is rationally based on perception if the opinion is the sort that a normal person would form and 'no irrational leaps of logic' are required to sustain it." *Id.* (quoting *Lynch v. City of Boston*, 180 F.3d 1, 16 (1st Cir. 1999); *see also Mississippi Chemical Corp. v. Dresser-Rand Co.*, 287 F.3d 359 (5th Cir. 2002) (a lay opinion must be based on rational perception and must be one that a normal person would form from those perceptions); *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997) (same).

Although any witness may offer an opinion as to an ultimate issue to be decided by a jury, this opinion should not unduly invade the province of the jury when the assistance of the witness is unnecessary. *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 889 (10th Cir. 2006). "As a general rule, police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Rule 701." *Duhon v. Marceaux*, 33 F. App'x 703 (5th Cir. 2002); *see also Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 890 (10th Cir. 2006) ("statements by investigating officers as to accident causation are generally not admitted unless [] perceived by the witness and helpful to a determination of a fact in issue").

Here, Sgt. Carroll did not witness the accident. He conducted a post-accident investigation and obtained statements from each party. Sgt. Carroll based his determination of

fault—at least in part—on the statements made to him by the parties. *See* Doc. 111-1. The jurors are fully capable of assessing the facts and the credibility of each witness to determine who is at fault for the collision and will be able to make their own assessment based on the evidence they will have before it. They do not need the officer's opinion to assist them. Accordingly, Sgt. Carroll's lay opinion about who caused the accident would "unduly invade the province of the jury when assistance of the witness is unnecessary" and "merely tell the jury what result to reach." *Sims*, 469 F.3d at 889.

      IT IS THEREFORE ORDERED that third-party defendant Celadon Group, Inc. d/b/a Celadon Trucking Services' ("Celadon") *Daubert* Motion to Exclude Part of Sergeant Steven Carroll's Testimony is GRANTED in part and DENIED in part.

      IT IS FURTHER ORDERED that Sgt. Carroll may testify as a lay witness as to what he observed at the scene of the accident but will not be permitted to provide any opinions about what caused the accident.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent